IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | Case No. 18-10578-TPA |
| ) | Chapter 11 |
| INDUSTRIAL STEEL & PIPE SUPPLY ) | |
| COMPANY, ) | |
|     Debtor ) | |
| ) | |
| INDUSTRIAL STEEL & PIPE ) | Docket No. ___ |
| SUPPLY COMPANY, ) | |
|     Movant ) | |
| ) | |
| vs. ) | |
| ) | |
| ELK COUNTY, PENNSYLVANIA ) | |
| TREASURER, CNB BANK, JOHN E. ) | |
| BUERK AND JAMES GROLL, ) | Date and Time of Hearing: |
|     Respondents ) | August 9, 2018 at 11:30 a.m. |

### DEBTOR'S MOTION TO SELL REAL ESTATE AND RELATED PERSONAL PROPERTY FREE AND DIVESTED OF LIENS

AND NOW, this 11th day of July, 2018, comes Industrial Steel & Pipe Supply Company, by and through its counsel, Knox McLaughlin Gornall & Sennett, P.C., with this Motion to Sell Real Estate and Related Personal Property Free and Divested of Liens ("Motion"), as follows:

### JURISDICTION

1. The Bankruptcy Court has jurisdiction over this Motion under 28 U.S.C. §1334, 28 U.S.C. §157(a) and the Order of Reference to the Bankruptcy Court effective in the Western District of Pennsylvania. This is a core proceeding under 28 U.S.C. §157(b). This Motion is filed pursuant to 11 U.S.C. §363(b) and (f), and Bankruptcy Rules 2002, 6004 and 9014.

### RESPONDENTS

2. The Respondents to this Motion include the Elk County, Pennsylvania Treasurer. The Treasurer of Elk County maintains a place of business or mailing address at 11 Lafayette Street, P.O. Box 349. St. Marys, Pennsylvania 15857. The real estate taxes are past due in the

amount of $12,754.12. The real estate taxes represent a first lien against the real estate to be sold and will be paid in full at the time of closing.

3. The Respondents also include CNB Bank ("CNB") which maintains a place of business at 133 Washington Street, St. Marys, Pennsylvania 15857. CNB is represented by John C. Melaragno, Esquire, Melaragno, Placidi, Parini & Veitch, 502 West Seventh Street, Erie, Pennsylvania 16502. CNB holds a perfected, all-inclusive security interest in the Debtor's personal property, including the cranes and telephone system which are included as a part of the within proposed sale. CNB filed a Financing Statement against the Debtor on January 13, 1992 at Document No. 20411378 and continued several times through and including File No. 2016122200490 on December 22, 2016. The Debtor owes CNB on two (2) Notes which are secured by the security interest in the Debtor's personal property: Loan and Security Agreement dated September 16, 2015 in the amount of $150,000, with a balance due in the amount of approximately $150,277; and, Loan and Security Agreement dated March 10, 2017 in the amount of $105,250, with a balance due in the amount of approximately $85,208. The total amount of CNB's secured claim, therefore, is approximately $235,485. CNB is also the holder of an unsecured claim against the Debtor based upon a Loan dated December 20, 2017 in the amount of $20,000. The security interest of CNB in the cranes and telephone system to be sold as a part of the within proposed private sale will be divested from the property sold and transferred to the proceeds of sale so that the property will be sold to the Buyer free and clear thereof. Subject to Court approval, most of the amount allocated by the Buyer to the cranes and telephone system will be paid to CNB at the time of closing.

4. The Respondents also include John E. Buerk with a mailing address at 1039 Brussels Street, St. Marys, Pennsylvania 15857 and James Groll with a mailing address at 900

Vine Road, St. Marys, Pennsylvania 15857. Messrs. Buerk and Groll are represented by Erica K. Dausch, Esquire and David W. Ross, Esquire and Babst, Calland, Clements and Zomnir, P.C., Two Gateway Center, 7th Floor, Pittsburgh, Pennsylvania 15222. Messrs. Buerk and Groll are plaintiffs in a lawsuit against the Debtor pending in Elk County, Pennsylvania at Case No. 2008-1092, involving a disputed encroachment claim against an alleged right-of-way. This is an unsecured claim which is disputed and unliquidated. Nevertheless, given the fact that this claim involves a right-of-way which is related to the subject real estate, the plaintiffs are named as Respondents herein. Any claim on behalf of Messrs. Buerk and Groll will be divested from the Assets and transferred to the proceeds of sale. The real estate will be sold free and clear of the alleged encroachment claim.

## BACKGROUND

5.   On June 8, 2018, Industrial Steel and Pipe Supply Company filed a voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code.

6.   The Debtor is represented by Guy C. Fustine and Knox McLaughlin Gornall & Sennett, P.C., 120 West Tenth Street, Erie, Pennsylvania 16501.

7.   Industrial Steel and Pipe Supply Company maintains a place of business at 180 Environmental Drive, St Marys, Pennsylvania 15857. At that location, the Debtor operates a steel and fitting distribution warehouse for deliveries within a seventy-five (75) mile radius. The Debtor has been in business since 1963. However, the Debtor's business has been declining for several years based, in part, upon changes in the steel and fitting distribution business regionally, including but not limited to the fact that suppliers are selling directly to the Debtor's customers.

The Debtor is a defendant in two (2) state court lawsuits in Elk County, Pennsylvania which have also been a drain on the Debtor's limited resources.[1]

8. Under its current circumstances, the Debtor has determined that it would be in the best interests of its creditors and equity security interest holders for the Debtor to proceed with the sale of its assets in combination with filing a Chapter 11 Plan of Reorganization. Subject to Bankruptcy Court approval under the rules and procedures applicable to confirmation of a Chapter 11 Plan, the Debtor's Plan will provide for a prompt distribution of the proceeds of sale.

9. Sound business reasons exist to justify selling the Assets on the terms set forth in the proposed Sale Agreement.

**PROPOSED SALE**

10. On June 11, 2018, the Debtor entered into a Standard Agreement for the Sale of Real Estate ("Sale Agreement") with Allegheny Electric Service, Inc., Attn: Curt R. Brennen, President, 1063 Johnsonburg Road, St. Marys, Pennsylvania 15857, or its assigns ("Buyer"). A copy of the Sale Agreement is attached hereto as Exhibit A.

11. The Sale Agreement provides that Mr. Brennen will purchase the Debtor's real estate and improvements located at 180 Environmental Drive, St. Marys, Pennsylvania 15857, in the City of St. Marys, County of Elk, and School District of St. Marys (Tax Id. No. 13-240-6411; Map #13-13-240-6411), more fully described in the Elk County, Pennsylvania Recorder's Office at Document Number 2008-004561 ("Real Property"), together with related personal property, more fully described as follows: (i) Five ton x 45 foot (approximately) Pittsburgh crane with RM

---

[1] (1) John E. Buerk and James Groll vs. JoelCole Development Corp. and Carbon Center Realty Corp., Court of Common Pleas of the Fifty-Ninth Judicial District of PA, Case No. 2008-1092, regarding a disputed encroachment claim against an alleged right-of-way.
(2) Sandra Linwood vs. Industrial Steel & Pipe Supply Co., Dale Lepovetsky and Howard Lepovetsky, Court of Common Pleas of the Fifty-Ninth Judicial District of PA, Case No. 2018-164, regarding collection on a corporate promissory note owed to plaintiff.

hoist, s/n 2295P; (ii) Five ton x 45 foot (approximately) Pittsburgh crane, s/n 2295P; and (iii) Five ton Wright hoist and crane; and, (iv) the Debtor's telephone system (hereinafter collectively referred to as the "Personal Property"), for a total purchase price in the amount of $900,000 (to be allocated as follows: $750,000 for the Real Property and $150,000 for the Personal Property), in immediately available funds with no financing contingency and subject, however, to higher bids at the time of the sale confirmation hearing. The Real Property and Personal Property are sometimes collectively referred to as the "Assets".

12. The Sale Agreement provides for a $25,000 deposit, which has been received. The balance of the purchase price will be paid in cash at closing. There is no financing contingency.

## PRIOR EFFORTS TO SELL

13. The Real Property was listed for sale prior to the Chapter 11 filing and several parties indicated an interest in purchasing the property but were deterred, in part, by the pending lawsuit filed by Messrs. Buerk and Groll.

14. However, none of the other interested buyers indicated that they would pay more in immediately available funds, even if the pending lawsuit with Messrs. Buerk and Groll would be resolved.

15. Nevertheless, all parties who ever indicated an interest in purchasing the Real Property will be notified of the pending bankruptcy sale and of the opportunity to bid more for the assets at the time of the sale confirmation hearing.

16. The Debtor has taken and will continue to take measures to insure that any party who has an interest in purchasing the Assets will have the opportunity to do so. To this end, the Debtor will give notice of the sale and opportunity to bid to all known interested parties and to the public at large in accordance with the applicable rules of court.

## APPROVAL OF BIDDING PROCEDURES

17. The Debtor requests that the Court establish bidding procedures and qualifications at the time of the sale confirmation hearing to insure that the procedures encourage competitive bidding and are fair to all parties.

18. More specifically, the Debtor request that the Court require any potential bidder to pre-qualify to bid for the Assets by: (i) depositing $25,000 with the attorney for the Debtor by certified funds in advance of the sale hearing; and, (ii) proving that the potential bidder has sufficient funds available to close the transaction without financing.

## THE BUYER SHOULD BE GRANTED THE PROTECTIONS OF A GOOD FAITH PURCHASER.

19. The Buyer should be granted the protections of a good-faith purchaser under Section 363(m) of the Bankruptcy Code.

20. Although the Bankruptcy Code does not define "good faith purchaser", the United States Court of Appeals for the Third Circuit, construing Section 363(m) has stated: "That phrase encompasses one who purchases in good faith and for value". *Abbotts Dairies, 788 F.2d 143 at 1478 (3d Cir. 1986).*

21. The terms of the Sale Agreement were negotiated at arm's length, without collusion, and in good faith. There is no relationship between the Debtor and the Buyer. There are no agreements between the Debtor and the Buyer other than Sale Agreement attached to this Motion. Neither the Debtor nor the Buyer has engaged in any conduct which would cause or permit the agreement to be avoided. Accordingly, the Debtor request that the Court determine the Buyer to have negotiated and acted at all times in good faith and, as a result, is entitled to the protections of a good-faith purchaser under Section 363(m) of the Bankruptcy Code.

## THE PROPOSED PRIVATE SALE OF REAL AND PERSONAL PROPERTY SHOULD BE FREE AND CLEAR OF LIENS AND CLAIMS.

22. Section 363(b) provides in relevant part that "the Debtor, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. Section 363(b).

23. In accordance with Section 363(f) of the Bankruptcy Code, the Debtor may sell property under Section 363(b) "free and clear of any interest in such property of an entity other than the estate" provided that at least one of the following conditions is satisfied: (a) applicable non-bankruptcy law permits sale of such property free and clear of such interest; (b) such entity consent; (c) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (d) such interest is in bona fide dispute; or (e) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. Only one of the enumerated conditions must be met in order for the court to approve the proposed sale free and clear of liens and claims.

24. The Debtor submits that one or more of the subsections of Section 363(f) applies to the holders of claims against, or interests in, the Assets to be sold. Holders of claims and interests will be adequately protected because their claims and interests will be divested from the Assets sold and transferred to the proceeds of sale, to the extent that they are valid and enforceable. Accordingly, the proposed sale as contemplated by the Sale Agreement should be approved, free and clear of liens, under Section 363(f) of the Bankruptcy Code, including the liens and claims of the Respondents.

25. In addition, Section 105(a) of the Bankruptcy Code further authorizes "the Court to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. §105(a).

26. Based upon the foregoing, the Debtor requests that the Court authorize sale of the Assets free and clear of Respondents' liens and claims, and that Respondents' liens and claims be divested from the Assets sold and transferred to the proceeds of sale, subject to the Debtor's rights and defenses with respect thereto.

27. Moreover, the Debtor requests that the costs of sale of the within proceeding (including the court-approved professional fees and costs) be paid in advance of any distribution of the proceeds of sale to any party claiming an interest in the Assets.

28. The sale of the related Personal Property which is included in this Motion for private sale will be sold "as is, where is" without representations or warranties of any kind, express or implied, including, without limitation, representations of merchantability and/or fitness for any particular purpose.

## RELIEF REQUESTED

29. The Debtor requests entry of an Order (i) authorizing the sale of the Assets as more fully described in the Sale Agreement, free and clear of liens and claims, to the Buyer (Allegheny Electric Service, Inc. or its assigns) in exchange for payment of the purchase price, $900,000 ($750,000 for the real estate and $150,000 for the related personal property); (ii) approving the Sale Agreement, and (iii) and granting such other and further relief as is reasonable and just.

WHEREFORE, the Debtor requests entry of an order, in substantially the form as attached hereto, approving the sale of the Assets, approving the Sale Agreement, and granting such other and further relief as is reasonable and just.

Respectfully submitted,

KNOX McLAUGHLIN GORNALL & SENNETT, P.C.
Attorneys for Debtor/Movant


By:   */s/ Guy C. Fustine*
        Guy C. Fustine
        PA I.D. No. 37543
        120 West Tenth Street
        Erie, Pennsylvania  16501-1461
        (814) 459-2800
        gfustine@kmgslaw.com

# 1942265.v1